IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION



JONAS COTHRON, §
TDCJ-CID No. 920440, §
 §
Plaintiff, §
 §
v. § 2:16-CV-236-Z
 §
JUDITH THOMAS, et al., §
 §
Defendants. §

## MEMORANDUM OPINION
## DISMISSING CIVIL RIGHTS COMPLAINT

Plaintiff JONAS COTHRON, acting pro se and while a prisoner incarcerated in the Texas Department of Criminal Justice, Institutional Division, has filed suit pursuant to Title 42, United States Code, Section 1983 complaining against the above-referenced defendants and has been granted permission to proceed in forma pauperis. For the following reasons, plaintiff's civil rights complaint is DISMISSED.

### JUDICIAL REVIEW

When a prisoner confined in any jail, prison, or other correctional facility brings an action with respect to prison conditions under any federal law, the Court may evaluate the complaint and dismiss it without service of process, *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990), if it is frivolous,[1] malicious, fails to state a claim upon which relief can be granted, or seeks monetary

---

[1] A claim is frivolous if it lacks an arguable basis in law or in fact. *Booker v. Koonce*, 2 F.3d 114, 115 (5th Cir. 1993); see *Denton v. Hernandez*, 504 U.S. 25 (1992). To determine whether a complaint is frivolous under 28 U.S.C. § 1915(d), the Court must inquire whether there is an arguable "'factual and legal basis of constitutional dimension for the asserted wrong.'" *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985) (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). The review of a complaint for *factual* frivolousness nevertheless is quite limited and "only appropriate in the limited class of cases wherein the allegations rise to the level of the irrational or the wholly

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2). The same standards will support dismissal of a suit brought under any federal law by a prisoner confined in any jail, prison, or other correctional facility, where such suit concerns prison conditions. 42 U.S.C. 1997e(c)(1). A *Spears* hearing need not be conducted for every pro se complaint. *Wilson v. Barrientos*, 926 F.2d 480, 483 n.4 (5th Cir. 1991).[2]

## PLAINTIFF'S CLAIMS

At the time of the complaint, plaintiff was a prisoner incarcerated at the Texas Department of Criminal Justice (TDCJ) Clements Unit in Amarillo, Texas, who also received treatment at the Montford Medical Unit in the Lubbock Division of the Northern District of Texas. (ECF No. 3). Plaintiff alleges he has experienced "cysts" in his head since 2002. Plaintiff claims that he was denied medical treatment to "successfully removal all cysts on [his] head," over several years.

On March 11, 2016, plaintiff had a biopsy and "learned the severity" of his condition concerning his cysts. Plaintiff asserts that the defendants–all medical personnel responsible for his care at various stages of his treatment–are responsible for failing to properly diagnose and treat this condition over the years, because they had access to his medical records, and he was unaware that his condition was serious until after the biopsy. Plaintiff seeks damages for defendants' "medically incompetent decisions," which led to his undue pain and suffering.

---

incredible," not just to the level of the unlikely. *Booker*, 2 F.3d at 114. Nor is *legal* frivolousness synonymous with mere unlikeliness. The Supreme Court of the United States and the United States Court of Appeals for the Fifth Circuit repeatedly counsel district courts against dismissing petitions that have some chance of success. *See, e.g., Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Booker*, 2 F.3d at 116. That caution notwithstanding, a "claim against a defendant who is immune from suit is frivolous because it is based upon an indisputably meritless legal theory. *See Neitzke*, 490 U.S. at 327; *Booker*, 2 F.3d at 116.

[2] *Green vs. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986) ("Our discussion of *Spears* should not be interpreted to mean that all or even most prisoner claims require or deserve a *Spears* hearing. A district court should be able to dismiss as frivolous a significant number of prisoner suits on the complaint alone or the complaint together with the *Watson* questionnaire.")

Plaintiff also filed grievance forms (ECF No. 11) indicating he is being denied treatment for a sexually transmitted disease and bowel issues. The grievance response indicates testing was performed and plaintiff does not have a sexually transmitted disease and he had a colonoscopy performed on June 6, 2016, which showed no signs of bowel cancer or polyps.

## ANALYSIS

"[D]eliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." Such indifference may be "manifested by prison doctors in their response to the prisoner's needs or by prison guards in intentionally denying or delaying access to medical care or intentionally interfering with the treatment once prescribed." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). Deliberate indifference is defined as a failure to act where prison officials have knowledge of a substantial risk of serious harm to inmate health or safety. *Farmer v. Brennan*, 511 U.S. 825 (1994). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105. Nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference. *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir. 1991). "[N]egligent medical care does not constitute a valid section 1983 claim." *Mendoza v. Lynaugh*, 989 F.2d 191, 195 (5th Cir. 1993). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

The facts presented by plaintiff in his complaint do not show defendants had knowledge of a substantial risk of serious harm to plaintiff's health or safety and ignored such risk. *Farmer*, 511 U.S. at 825. Instead, plaintiff's allegations only show plaintiff believes they were incompetent in failing to perform certain tests sooner. Plaintiff's disagreement with the defendants' course of treatment does not elevate his claim to constitutional dimension. *Varnado*, 920 F.2d at 321. At most, plaintiff has alleged medical negligence by these defendants, if even that. Negligent or erroneous medical treatment or judgment does not provide a basis for a section 1983 claim. *Graves v. Hampton*, 1 F.3d 315, 319 (5th Cir.1993). As long as medical personnel exercise professional medical judgment, their behavior will not violate a prisoner's constitutional rights. *See Youngberg v. Romeo*, 457 U.S. 307, 322-23 (1982). A disagreement over the appropriate medical treatment constitutes, at most, a possible claim of medical malpractice appropriately addressed under state law. *Estelle*, 429 U.S. 97, 107-08; *Varnado*, 920 F.2d at 321. Plaintiff has failed to state a claim of deliberate indifference to his serious medical needs.

## CONCLUSION

For the reasons set forth above and pursuant to Title 28, United States Code, sections 1915A and 1915(e)(2), as well as Title 42, United States Code, section 1997e(a), it is ORDERED that the Civil Rights Complaint by plaintiff filed pursuant to Title 42, United States Code, Section 1983 be DISMISSED without prejudice for failure to state a claim.

**SO ORDERED.**

January 16, 2020.

MATTHEW J. KACSMARYK
UNITED STATES DISTRICT JUDGE